# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

No. 727
### EMERINE v. VOTAW et al
Ohio Appeals, Third District, Logan County
No. 680. Decided June 29, 1923

**107. CONTRACTS.**

Recovery for breach of contract to sell land, limited to hand money paid, and did not include damages for refusal to perform.

HUGHES, J.

### Epitomized Opinion

Emerine entered into a contract to sell his farm to Votaw, who paid $500 down to bind the contract, and as part payment of the purchase money. The contract was entered into through correspondence, and is evidenced by the letters passing between the parties. A dispute arose before the real was consummatd and both parties claimed the other had breached the contract. Votaw sued Emerine to recover the $500 paid. Emerine cross petitioned for damages claiming breach of contract. Jury was waived. Court rendered judgment for $500 in favor of Votaw. Emerine asked a reversal on the ground that the judgment was against the weight of the evidence, because the evidence failed to show he was not at all times ready and willing to perform his part of the contract, and also because the minds of the parties did not meet in regardd to the terms of the contract. In affirming the judgment, the Court of Appeals held:

1. The evidence adduced by Votaw tends to prove that if the terms of the contract were as claimed to him, Emerine did refuse to perform and Votaw was ready, able and willing to perform, but considered Emerine's refusal as a breach and he, Votaw, was therefore discharged and entitled to his money. The recovery was therefore limited to the recovery of the money paid, and did not include damages for his breach.

**Attorneys**—W. C. Huston, for Emerine; Hale & McGee, for Votaw.

No. 728
### TROWBRIDGE v. BUCYRUS PROVIDENT CO.
Ohio Appeals, Third District, Crawford County
No. 982. Decided July 14, 1923
This opinion has not been published except in Abstract.

**115. CORPORATIONS.**

Collection of alleged unpaid balance of stock subscription, after stock issued as fully paid, not allowed where no right of creditors intervene.

HUGHES, J.

### Epitomized Opinion

Trowbridge and others organized the Provident Co. with a capital stock of 1500 shares perferred, and 1500 shares of common, face value $50. At the first stockholders' meeting Trowbridge offered to pay the expenses of incorporation, provide office equipment and pay $2000 in cash if the company would issue all the common stock to him. This proposition was accepted by the corporation and Trowbridge carried out his agreement. There is no claim that what he furnished equaled the par value of the stock. The interest of any creditor was not involved, it was not claimed that any stockholder has been defrauded, nor that a fraud was practiced against the corporation. The trial court entered judgment for the full par value of the common stock after giving certain credits. In reversing the judgment, the Court of Appeals held:

1. We do not believe that upon authority and principle a corporation, after having once issued its capital stock as fully paid up, can afterwards repudiate that contract wwithout any breach upon the part of the stockholder where the rights of creditors or stockholders are not involved, and demand of the stockholder any difference between the stock he has acquired and the value of the property exchanged for it.

**Attorneys**—C. F. Schaber, A. W. DeWeese, for Trowbridge; B. Meck, for Buckeye Provident Co.